AO 243 (Rev. 09/17)

FILED - GR

June 12, 2026 11:59 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: AR / 6-12

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR (

### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |  |
|---|---|---|
| Name *(under which you were convicted)*: Tariq A. Gillam | | Docket or Case No.: |
| Place of Confinement: FCI Milan | Prisoner No.: 63665510 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| V. Taria A. Gillam | | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Western District of Michigan

   (b) Criminal docket or case number (if you know): 1:23-CR-00066-1

2. (a) Date of the judgment of conviction (if you know): 4-2-2024

   (b) Date of sentencing: _____

3. Length of sentence: 235 months

4. Nature of crime (all counts): 18 USC 2252(a)(2)(A) and (b)(1)

**1:26-cv-1847**
**Hala Y. Jarbou**
**Chief U.S. District Judge**

5. (a) What was your plea?  (Check one)

   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have?  (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?      Yes ☒      No ☐

9.   If you did appeal, answer the following:
     (a) Name of court:  US Court of Appeals for sixth cir
     (b) Docket or case number (if you know):  24-1314
     (c) Result:  Affirmed
     (d) Date of result (if you know):
     (e) Citation to the case (if you know):
     (f) Grounds raised:  Whether plea was voluntarily made
     Sentence was substantively unreasonable

     (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☒
         If "Yes," answer the following:
         (1) Docket or case number (if you know):
         (2) Result:

         (3) Date of result (if you know):
         (4) Citation to the case (if you know):
         (5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
     Yes ☐      No ☒

11.  If your answer to Question 10 was "Yes," give the following information:
     (a) (1) Name of court:
         (2) Docket or case number (if you know):
         (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Rule 7(b) Jurisdictionally Defective

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

① Movant signed and agreed to the plea on 12-4-2023. The government didn't file felony information till 12-11-2023. Rule 7(b) requires that the charging document ('this being information') be filed before the plea.

(See Legal Brief Attached)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:**  Ineffective assistance of Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Prior to entry of plea, trial counsel did not litigate any issues at all. Counsel didn't explain how the cross reference would increase petitioner's guidlines. Didn't objed to specific guidlenes or the pictures them self not being child pornography. In fact, the trial counsel told petitioner told mr Dillon that just a picture of the child penis is enough to satisfy the statute. This is false. (See Attach argument and Brief)

(b)  **Direct Appeal of Ground Four:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒

    (2)  If you did not raise this issue in your direct appeal, explain why:

_____

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☒

    (2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?        Yes ☐        No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

Anastase Markou, 176 E Michigan Ave 14th FL  Kalanqzoo MI, 49007

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☐

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
Vacate petitioner's conviction under §2252 for ~~possession~~ *receipt* of child
pprnography.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on X June 8, 2026
(month, date, year)

Executed (signed) on X _____ (date)

X _____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Unites States Of America
Respondant

NO._____

v.

Tariq Andrew Gillam
Petitioner

_____/

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
### PURSUANT TO 28 U.S.C. §2255

### INTRODUCTION

Petitioner, Tariq Gillam, writing in pro se, respectfully ask this honorable court to view this petition with a lenient eys, as Mr. Gillam is not a lawyer, See Cuadra v Sullivan, 837 F.2d 56,58-59, (Also nothing same in Williams v Kullman, 722 F.2d at 1050) and a pro se plaintiff should be given an opportunity to develope a potentially viable claim. See Gordon v Leeke, 574 F.2d 1147,1152. Where it's gist was clear and distinct and [i]t would be unreasonable to require more from a pro se prisoner. See Prou v United States, 199 F.3d 37,42.

Petitioner respectfully move this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Petitioner has alledge these Constitutional violations:

* Rule 7(b) Jurisdictional Defect

* Unconstitutional as-applied and facially

* Violation of Seperation of Powers

* Actual innocence

* Ineffective Assistance of Counsel

1

## PROCEDURAL HISTORY

On December 4, 2023 petitioner tendered a plea to a singlt count of Receipt of Child Pornography. Petitioner was sentenced to 235 months, 5 months below the statutory maximum of 240 months for Receipt of Child Pornography. At sentencing per the plea petitioner's starting guideline range was raised due to the use of U.S.S.G §2G2.1 instead of U.S.S.G §2G2.2 that is uaually use in Possession of Child Pornography cases.

## RULE 7(b) VIOLATION

Rule 7(b) requires the information to exist before a guilty plea. A defendant may waive indictment "if the prosecution by information is permitted." But an information must already be filed for a court to have jurisdiction to accept a guilty plea. Petitioner entered the plea on December 4, 2023, the government didn't file the Superseding information till December 11, 2023. You cannot plead guilty to a felony that **does not exist yet in the record.** A guilty plea to a charge that did not yet exist is jurisdictional and cannot stand. See United States v Macklin, 671 F.2d 60. Rule 7(b) requires the information to be filed before the waiver and plea; otherwise, the conviction is void. See United States v Conselor, 866 F.3d 231.

## UNCONSTITUTIONAL AS - APPLIED AND FACIALLY

§2252, after the Protect Act amendments, operates as treaty-implementing legislation, triggering **Bond's** mondatory "treaty first" analysis. The Protect Act amended §2252 and §2252A to fulfill U.S obligations under multiple international treaties addressing child exploitation. Congress expressly invoked treaty obligations as justification for these federal expansions.

2

Under **Bond**, when criminal law is enacted or expanded pursuant to a treaty, the reviewing court must:
1. **Examine the treaty obligations,**
2. **Determine whether state law already satisfies those obligations,**
3. **Assess whether Congress exceeded the Necessary & Proper Clause.**

This is not optional. It is a constitutional requirement. The district court ignored all three steps.

In Bond v United States, 572 U.S 844, the Supreme Court made clear that when Congress enacts criminal legislation "in reliance on a treaty," courts must **begin their constitutional analysis with the treaty itself;** determine the scope of the international obligation, and consider whether state **criminal law already fulfills those obligations.** Only after that threshold inquiry can a court determine whether Congress validly used the Necessary and Proper Clause to implement the treaty. **Bond** thus mandates a **treaty-first** analysis before a court may uphold federal criminal law that intrudes into traditional areas of state police power such as assault, abuse of children, or possession of contraband.

The thirs circuit's recent decision in United States v Corrigan-Clay, 128F.4th 163 reinforces this rule. There, the court examined 18 U.S.C §2423(c), a statute enacted **and expanded by the Protect** Act, and-consistent with Bond-began **it's analysis with the treaty obligations underlying the Protect Act.** The court expressly acknowledge that the Protect Act was Congress's chosen vehicle to fulfill obligations under multiple international agreements adressing sexual exploitation of minors. Only **after** establishing the treaty basis did the Third Circuit proceed to analyze Congress's authority under the Foreign Commerce Clause and Necessary and Proper Clause.

3

This sequence is critical, Corrigan-Clay did not treat the treaty as an afterthought-it treated the treaty as the **mandatory first step**, exactly as Bond requires. The Protect Act was the statutory engine, and the treaty obligation was the constitutional foundation. Thius, even when the Third Circuit ultimately upheld the statute, it did so **only after performing the treaty-first review required by Bond**.

That analysis never occurred in the petitioner's case. The district court **did not identify §2252 as treaty-implementing legislation**, did not determine whether the United States' treaty obligations already were satisfied by comprehensive state criminal laws prohibiting the same conduct, and did not engage the constitutional limits **Bond** imposes on the federalization of traditionally state-regulated crimes. This omission is not a minor procedural misstep-it is **a structural constitutional error.**

Also the Sixth Circuit in United States v Rife,429 F.Supp. 3d 363, charged with a Protect Act violation demonstrates that treaty-implementation authority is contested and limited; many circuits have not resolved **Bond's** full scope in the child-exploitation context. In Rife a divided Sixth Circuit panel recognized deep constitutional tension regarding:

* Congress's authority to federalize sexual exploitation crimes;
* The limits of treaty-implementation power;
*The need to correct constitutional framing.

Bond, Corrigan-Clay, and Rife shows that **treaty-implementing legislation is unsettled in many circuits** and that federal power in this area is not unlimited.

**Because of this the Rule of Lenity should be used in this case.**

## RULE OF LENITY

Even if some ambiguity existed, the rule of lenity requires that any doubt about the scope of criminal liability be resolved in favor of the accused. See United States v Granderson, 511 U.S 39, 54. (United States v Bass, 404 U.S 336,347), Conduct must be "plainly and unmistakably within the statute." See United States v Lacher, 134 U.S 624,628,10 S.Ct 625 33 L. Ed. 1080 (1890) Observing that "penal laws are to be construed strictly, such that they must... leave no room for reasonable doubt" as to the legislature's meaning. See United States v Hartwell, 73 U.S 385, 395-396, 18 L.Ed 830(1868) It should be the principal of every criminal code, and certainly belongs to ours, that a person be adjudged huilty of an offense unless it be created and promulgated in terms which leave no room for reasonable doubt of their meaning. See The Enterprise, 8 F.Cas at 734. Lenity applies in cases where the legislature's intention is not distinctly perceived, such that the mind balances and hesitates between... two constructions. See The Adventure, 1 F. Cas 202,204(No 93)(CC Va 1812) The rule of Lenity is often overlooked when it ought to apply. Even if the reader does not consider the issue to be as clear as I do, he must at least acknowledge , I think, that it is eminently debatable and that is enough, under the rule of Lenity, to require a finding for the petitioner here. See Smith v United States, 508 U.S 233, 246(Scalia,J, dissenting)

Treaty-implementing legislation and it's ability to over ride state criminal law is eminently debatable with judges even in the same circuit not agreeing on it's application. When the government means to punish, it's commands must be reasonably clear. When

they are not clear, the consequences should be visited on the party more able to avoid and correct the effects of shoddy legislation namely, the DOJ or it's state equivalent. As recently as Feburary 2025 the Third Circuit has expressed it's concers about treaty-implementing legislation and has asked the Supreme Court to curtail Holland. See United States v Corrigan Clay, 128 F.4th 163. This case along with BOND proves that this issues is not only debatable but many justices and circuit judges have different opinions. That alone should invoke the Rule of Lenity.

## ACTUAL INNOCENCE

Child pornography is not created when the pedophile derives sexual enjoyment from an otherwise innocent photo. As the 9th circuit stated in United States v Wiegand, 812 F.2d at 1245, "Private fantasies are not within the statute's ambit." When a picture does not costitute child pronography, even though it displays nudity, it does not become child pornography because it is placed in the hands of a pedophile, or on a forum where pedophiles might enjoy it. "Nude pictures of children did not constitute child pornography when published in "legitimate" Sex atlas or in "raunchy" Hustler magazine, because they did not depict children engaged in sexual conduct". See Faloona v Hustler Magazine Inc, 607. Supp 1341. Also United States v Villard, 885 F.2d 177. The D.C Circuit in United States v Hillie, 39 F.4th 674,457 U.s App D.C 333, construed "lascivious exhibition" to mean that "the minor displayed his or her anus, genitalia, or pubic area in a manner connoting that the minor, or any person or thing appearing with the minor in the image exhibs sexual desire or an inclination to ebgage in any type of sexual activity." The D.C Circuit reached construction by applying

6

a plain reading of the text of the statute, filtered through the Supreme Court's First Amendment case law addressing vagueness and overbreadth challenges to child sexual abuse material statutes. See Miller v California, 413 U.S 15,93 S Ct.2607,37 L. Ed. 2d 419; New York v Ferber, 458 U.S 747 102 S Ct. 3348, 73 L. Ed 2d 113; United States v X-Citement Video Inc, 513, U.S 64,115 S Ct.464,130 L. Ed. 2d 372; United States v Williams, 553 U.S 285,128 S. Ct. 1830,170 L. Ed 2d 650. At it's core, the construction rejects the viability of the Dost factors as a tool for defining a "lascivious exhibition." Hillie, 39 F.4that 686.(In reaching this conclusion we reject the argument... that 'lascivious exhibition of the genitals', as defined in §2256(2)(A), should be construed in accordance with the so-called Dost factors.")The court in Williams, placed an emphasis on the word "explicit," Justice Scalia explained that "[s]exually explicit conduct' connotes actual depiction of the sex act rather than marely the suggestion that it is occurring," 553 U.S at 297. Mere nudity, and perhaps a bit more, is not lewd, and that principle is perhaps nowhere more pertinent than on a clothing-opptional beach. "Nudity in itself and without lewdness or dirtiness is no obscenity in law or in common sense." Matter of Excelsior Pictures Corp v Regents of Univ. Of State of NY., 3 N.Y.@D,242,144 N.E.2d 31,165 N.Y.2d42. It is undisputed in this case that the petitioner asked and received a picture of the minors penis. Although child pornography does not recieve protection under the First Amendment, New York v Ferber, 458 U.S 747,102 S. Ct. 3348, depictions of nudity, without more, constutute protected expression. Osborne, 495 U.s at 112, 110 S. Ct. at 1698. For nudity to be obscene with respect to minors, it must be "in some significant

7

way, erotic." Erznoznik v City of Jacksonville, 422 U.S 205,214 n. 10, 95 S. Ct 2268,2275 n. 10, 45 L.Ed. 2d 125. Thus, as courts in many jurisdictions have reasoned, taking nude photographs of children, where the photographs do not display children engaged in sexual activity or lewd display, are not "obscene" merely because children are represented. See Faloona v Hustler Magazine Inc, 799 F .2d 1000,1004 n.1; Upper Midwest Booksellers v City of Minn, 602 F.Supp. 1361,1369; United States v Various Articles of Obscene Merchandise, 460 F. Supp. 826,830.To allow a conviction to stand where the defendant's conduct "fails to come within the statutory definition of the crime," Griffin v United States, 502 U.S 46,59, 112 S. Ct. 466,116 L. Ed. 2d 371, or despite insufficient evidence to support it, would violate the Due Process Clause. See Musacchio, 577 U.S at 243.

Congress has provided a definition of "sexually explicit conduct," number 5 is relevant to this case. Part 5 states Lascivious exhibition of the anus, genitals, or pubic area of any person 18 U.S.C §2256(2)(A). Petitioner has never been showed the pictures at issue in this case. Because the government waited 5 years to prosecute the petitioner, and because the the photos were erased from petitioner phone almost immediately after they were sent. The government has never highlighted how the photos were lascivious. The only thing that is constant is that the petitioner asked for a picture of the boys penis and that the pictures were of the penis of boys. absent more, this is not sufficient to satisfy the elements of child pornography.

The Sixth Circuit is not writing on a blank slate, because the Supreme Court has provided guidance as to how to construe sexually

8

explicit cinduct dating back fifty years. The first case Miller v California, upheld a state statute and limiting it to works that is patently offensive "sexual conduct specifically defined by... state law," and gave examples "ultimate sexual acts, normal or perverted , actual or simulated," as well as "representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals". The court described it holding as applying only to patently offensive "hard core' sexual conduct." In United States v 12 200-Foot Reels of Super 8mm Film, decided the same day as Miller, the court clarified that the "standards for testing the constitutionally of state legislation regulating obscenity" announced in Miller "are applicable to federal legislation." In New York n Ferber, the court defined "sexual conduct" as meaning "actual or simulated sexual intercourse, deviate sexual intercourse, bestiality, masturbation, lewd exhibition of the genitals." In United States v X-Citement Video Inc, The court expressly engrafted the "hard core" characterization of the prohibited "lascivious exhibition of the genitals" from Miller onto the construction of the federal child pornography statute. In dissent, Justice Scalia indicated his agreement with that aspect of the court's holding. Stating "Sexually explicit conduct,' as defined in the statute, does not include mere nudity, but only conduct that consists of 'sexual intercourse... between persons of the same or opposite sex,'... lascivious exhibition of the genitals or pubic area.' What is involved, in other words, is not the clinical the artistic, nor even the risque, but hard-core pornography." In United States v Williams,553 U.S 285,128 S. Ct. 1830,the court made it clear that the term "sexually explicit conduct"

9

as used in federal child pornography statutes must be construed consistently with the "sexual conduct" prohibited in Feber. In sum, Ferber explained that the court had previously construed the phrase "lewd exhibition of the genitals" in Miller, and that phrase referred to "the hard core of child pornography." Ferber, 458 U.S at 764-65, 773. More recent in United States v Hillie, No. 19-3027, construing "lascivious exhibition of the genitals, or of any pubic area to mean that the minor displayed penis in a manner connoting that the minor, exhibits sexual desire or an inclination to engage in sexual activity. According to the record the pictures involved in this case contain no such actions.

The pictures in this case depict minors penis that alone is not child pornography.

INEFFECTIVE ASSISTANCE OF COUNSEL

Prior to entry of the plea, counsel did not litigate any issues at all. Counsel could have challenge the constitutionally of the statute as the petitioner does in this §2255. The previuos counsel never explained to petitioner how the §2G2.1 cross reference would increase his guideline range by 10 points. This was important because the crux of the plea involved the dismissing of the production charges which placed the petitioner's mandatory min sentence at 15 years. So not telling the petitioner that the cross reference essentially placed his guidelines at what it would be if he was charged with theproduction charge could not be considered a trial strategy but was ineffective. This erased the main benefit of taking the plea. Counsel also informed petitioner that just a picture of the child penis was enough to satisfy a conviction under the statute. That is totally false for all the reasons stated

10

in this §2255 petition. Challenging whether the pictures were lascivious or not is also important because, petitioner was given enhancements for the number of victims . These enhancements require that all the pictures depict sexually explicit conduct. It also appears from the record that petitioner addressed the age of only one of the victims. The victim stated he was 15 but was actually younger. Petitioner was given pre-pubescent enhancement but no challenge to whether the petitioner knew the pictures would be of pre-pubescent minors. Effective assistance requires the provision of reasonably informed advise on material issues. Counsel in this case failed to provide the effective assistance and qualify's as ineffective under Strickland.

## TIMELINESS OF MOTION

Petitioner had assistance of anothe inmate to help with his §2255. The inmate John Adams, completed the §2255 in December of 2025 and was prepared to mail it out. BOP officials at FCI Milan confiscated all petitioner's legal materials and §2255 from Mr Adams stating "inmates are not allowed to have other on mates legal material outside the library". This rule violate inmates assess to courts. The paperwork was never given back to petitioner. After battling with the administration for months about returning the material, petitioner had his grandma and appeals attorney send in relevant documents on order for him to complete his 2255. This effort was once agin blocked by FCI Milan officials. They stated "inmates are not allowed to have their PSI, or sentencing transcripts, basically any document that contains the nature of their offense. Lawyer mailed a packet that was denied by the BOP. Lwayer then mail petitioner grandma the paperwork which was sent back to

11

her 2 times. This was almost a lmost a 6 month process that created the lateness of petitioner's §2255. Petitioner still has not gotten the PSI and transcripts the lawyer mailed out and this §2255 was completed with only the appeal brief. (See Letter From John Adams)EX1

X
Tariq A. Gillam    63665510
FCI MILAN
PO BOX 1000
MILAN, MI 48160

Tariq Gilla
FcI Milan
Po Box 1000
Milan, MI 48160



Retail

U.S. POSTAGE PAID
FCM LG ENV
MILAN, MI 48160
JUN 08, 2026

49503    **$0.00**

RDC 99    S2324H504716-46





US DISTRICT Court
Attn: Clerk of Courts
110 Michigan ST NW
Grand Rapids, MI 49503